IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DON VICTOR HARBOLT,　　　　　　　） | |
| 　　　　Petitioner,　　　　　　　　） | |
| vs.　　　　　　　　　　　　　　　） | No. 3:06-CV-1964-N (BH) |
| 　　　　　　　　　　　　　　　　　） | ECF |
| NATHANIEL QUARTERMAN, Director,　） | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal　　　　　） | |
| Justice, Correctional Institutions Division,　） | |
| 　　　　Respondent.　　　　　　　　） | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case**

Petitioner, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural History**

On August 18, 1992, after pleading guilty, petitioner was convicted of forgery and sentenced to fifteen years' imprisonment after an enhancement for a previous burglary conviction. (Trial Transcript at 4-5, 26). On May 27, 1993, petitioner was released on parole. (State Habeas Transcript, dated 1/19/2005 at 5). Petitioner acknowledges in his federal petition that shortly after his release on parole, he absconded to California, where he was convicted of forgery and incarcerated. (Petition, Exhibit A). While in the California prison system, petitioner applied for and was granted parole in absentia by the State of Texas. Petitioner signed the Texas parole certificate

on February 22, 2001. (Pet. Ex. A). On that same date, petitioner signed a "Release to Detainer," which states that he should contact Texas authorities within 24 hours of being released from California custody if released prior to his Texas discharge date. (Respondent's Appendix at 3-7). The petition acknowledges that he was released on parole by the State of California on January 3, 2002. At that time, he was given a notice that he was to contact Texas parole officials within 24 hours of his release, and he was informed by his California parole officer that he was considered a dual supervision case. (Pet. Ex. A). Nevertheless, petitioner did not contact Texas parole officials, and on July 9, 2003, Texas issued a pre-revocation warrant for petitioner. (Resp. App. at 8). On April 4, 2004, petitioner was "picked up" by Texas while serving time for a California parole violation and brought back to Texas. (Pet. Ex. A). On April 14, 2004, petitioner signed documents waiving his right to a revocation hearing and admitting that he violated the conditions of parole by failing to report to his parole officer. (Resp. App. at 12-14). On April 16, 2004, Texas revoked petitioner's parole. (*Id.* at 15).

On May 4, 2004, TDCJ received a time credit dispute (TCD) from petitioner in which he alleged that the Texas parole certificate he signed in California listed his release date as being March 14, 2001, and that therefore his Texas sentence was discharged while he was incarcerated in California. On December 2, 2004, this TCD was denied on the basis that there was no error in the time credit calculations for petitioner's sentence. (Pet. Ex. E). While this TCD was pending, petitioner filed a state petition for writ of habeas corpus on July 2, 2004, challenging the calculation of his sentence on the same basis (SHTr. 11/2/2004 at 2). This application was dismissed by the Texas Court of Criminal Appeals on December 1, 2004, for failure to comply with the state requirement that an applicant exhaust administrative remedies prior to raising a time-credit issue

in a state writ. (*Id.* at cover). *See* TEX. GOV'T CODE § 501.0081(b)-(c) (West 2004).

On August 15, 2005, the TDCJ received a second TCD from petitioner. On March 23, 2006, the TDCJ again responded that there was no error in the time calculations (SHTr. 7/6/2006 at 7-8). On February 10, 2005, petitioner filed a second state application for writ of habeas corpus, in which he raised the same claim regarding his release date as well as other time-credit claims. (SHTr. 11/14/2005 at 2, 12-14). On March 24, 2006, petitioner was released on mandatory supervision. (SHTr. 7/6/2006 at 7). On August 30, 2006, petitioner's second state application was dismissed for failure to comply with the exhaustion requirements set forth in TEX. GOV'T CODE 501.0081 (b)-(c). (SHTr. 8/30/2006 at cover).

Petitioner filed his federal petition on October 25, 2006, alleging that the Texas Board of Pardons and Paroles illegally extended his period of parole in violation of his due process rights. Specifically, petitioner asserts that, after he signed the certificate of parole listing his release date as March of 2001, Texas officials marked through that date and changed his release date to August 5, 2005. (Pet. at Ex. B). Respondent filed a response on March 7, 2007, alleging that petitioner's claim is unexhausted, procedurally barred by the statute of limitations, and without merit. Petitioner filed a reply brief on April 12, 2007.

## II. EXHAUSTION OF STATE REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must

3

present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Furthermore, as of January 1, 2000, Texas inmates must generally pursue sentence credit issues through a dispute-resolution process within the prison system before seeking relief through the state habeas process. *See* TEX. GOV'T CODE § 501.0081 (Vernon Supp. 1999). After completion of the dispute-resolution process or upon being exempted from such completion, the inmate must also pursue relief through the state habeas process to fully exhaust his state remedies. *Id.*; *Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (Cochran, J., concurring). Petitioner failed to present his claims to the Texas Court of Criminal Appeals because both of his state applications for writ of habeas corpus were dismissed without any ruling on their merits by that court. The Texas Court of Criminal Appeals has thus had no opportunity to consider the claim raised by petitioner in the instant federal petition.

It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

4

Because the Texas Court of Criminal Appeals has not reviewed petitioner's claim on its merits, a ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 should be **DISMISSED** without prejudice for failure to exhaust state remedies.

**SO RECOMMENDED on this 1st day of December, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE