IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON VICTOR HARBOLT, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-1964-N (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent | ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

Harbolt appears to object that he received a "post card denial" from the Texas Court of Criminal Appeals, rather than a formal written opinion. *See* Petitioner's Opposition to the Findings, Conclusions, and Recommendation of the United States Magistrate at 1 [hereinafter Opposition]. This objection goes to the form of state court proceedings and does not raise an issue cognizable in federal habeas. *See Geer v. Dretke*, 2004 WL 1348590, at *8 (N.D. Tex. 2004) (citing *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984)). Harbolt also generally objects that the Findings and Recommendation contains factual errors, but he does not identify what those

ORDER – PAGE 1

alleged factual errors are, nor does he point to any evidence in the record that shows the factual recitations are, in fact, errors. *See* Opposition at 1-2. Such a conclusory objection fails to meet the Rule 72 requirement of a specific objection, and is therefore overruled.[1] The

---

[1] *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc) ("Frivolous, conclusive or general objections need not be considered by the district court."), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996) (en banc). *Accord Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) ("perfunctory" objections do not merit de novo review); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 281 F. Supp. 2d 436, 439 (N.D.N.Y. 2003) ("Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a magistrate judge's report-recommendation to which a party specifically objects. However, '[w]hen parties make only frivolous, conclusive or general objections, the court reviews the report-recommendation for clear error.'") (citations omitted).

Consistent with Rule 72's requirement of a specific objection, many Circuits have held that in order to be specific, an objection must not only identify the finding or recommendation to which objection is made, but also must state the basis for the objection. For example, the Seventh Circuit held in *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988), that "an objection stating only 'I object' preserves no issue for review . . . . A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *Accord Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report."); *Pendleton v. Rumsfeld*, 628 F.2d 102, 106 (D.C. Cir. 1980) (objections that "failed to enlighten as to the specifics of what was wrong with the magistrate's work product, except that it upheld the contentions of the wrong party" thus also "failed to call [district judge's] attention to any errors," making it "too late" to raise on appeal); *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance"); *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (nonconclusory objection still inadequate when it did not direct district court to trial transcript showing error in magistrate's findings and recommendations).

ORDER – PAGE 2

only specific factual error arguably raised by Harbolt under the factual error section of his Opposition appears to be a claim that the Magistrate Judge factually erred by relying on the "post card denial" to support her determination that Harbolt did not exhaust his state law remedies. As discussed above, the form of state court ruling does not raise a federal issue and the Magistrate Judge's reliance on that determination by the Texas Court of Criminal Appeals does not constitute a factual error.

The Court regrets the delay in addressing Harbolt's objections, which delay was solely attributable to the Court and not to Harbolt.

For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the Court hereby dismisses without prejudice Harbolt's petition for habeas corpus for failure to exhaust state court remedies.

Signed October 28, 2009.

_____
UNITED STATES DISTRICT JUDGE